IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:05CR282 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| WILLIAM SCHWENING and | ) | |
| RUSSELL HOFFMANN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on the defendants' Motions to Dismiss, Filing Nos. 84 and 85, and Motions in Limine, Filing Nos. 83 and 86. By previous order, the government was required to furnish a Bill of Particulars. Filing Nos. 74 and 80. Defendants assert that the Second Superseding Indictment, supplemented by the Bill of Particulars, fails to allege facts establishing any "link" between gifts and official acts.

The court has reviewed the Second Superseding Indictment as well as the Bill of Particulars and finds that the government sufficiently alleges facts that could give rise to an inference that the gratuities were "for or because of an official act performed or to be performed" by the public official. *See United States v. Sun-Diamond Growers*, 526 U.S. 398, 404 (1999). A reward for a past act can constitute an illegal gratuity, as can a gift given in the hope of obtaining a future benefit. *Id.* at 405. The court finds that the Second Superseding Indictment sufficiently sets forth the elements of the crime and the Motions to Dismiss should be denied.

In the Motions in Limine, defendants seek to "exclude at trial all evidence, testimony, statements, or argument relating to the total value of Surdex's contracts with the Omaha Corps of Engineers ("Omaha Corps"), to the development of an ACASS rating for defendant Schwening, to task and/or delivery orders that predate the charges in the

Second Superseding Indictment ("Indictment") and to gifts that predate the gifts alleged in the Indictment." To the extent that [a party] challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve. *United States v. Beasley,* 102 F.3d 1440, 1451 (8th Cir. 1996). Some evidence "cannot be evaluated accurately or sufficiently by the trial judge" in the procedural environment of a ruling on a motion in limine. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 439 (8th Cir. 1997).

The court is inclined to believe that defendants' contentions go more to the weight than to the admissibility of the evidence. In any event, defendants' contentions are more properly the subject of objections at trial than a motion in limine. The court is unable to evaluate the evidence in a vacuum. The relevance and admissibility of the evidence will depend on the government's theory of its case. Although the temporal connection between the gifts and official acts is tenuous, the evidence may be admissible on a proper showing of relevance. Accordingly, defendants' Motions in Limine will be denied at this time without prejudice to reassertion at trial.

IT IS ORDERED:

1. Defendants' Motions to Dismiss, Filing Nos. 84 and 85, are denied; and

2. Defendants' Motions in Limine, Filing Nos. 83 and 86, are denied.

DATED this 30th day of June, 2006

                                                   BY THE COURT:

                                                   s/ Joseph F. Bataillon
                                                   United States District Judge